UNITED STATES *v*. AMREIN FREUDENBERG & Co., INC. (No. 4184)[1]

[1] C. A. D. 40.

United States Court of Customs and Patent Appeals, February 27, 1939·

*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney, of counsel), for the United States.

*John R. Rafter* for appellee.

[Oral argument December 5, 1938, by Mr. Welsh and Mr. Rafter]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON,. Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, holding certain Normandy laces dutiable at 75 per centum ad valorem under the provision for embroidered articles contained in the latter part of paragraph 1430 of the Tariff Act of 1922, as claimed by the importer, rather than at 90 per centum ad valorem under the first part of that paragraph as articles composed of "lace or net, or, in part of lace, or net," as claimed by counsel for the Government and as assessed by the collector at the port of New York.

The provisions in question read:

PAR. 1430. Laces, lace window curtains, burnt-out laces and embroideries capable of conversion into burnt-out laces, nets and nettings, embroidered or otherwise, veils, veilings, flouncings, all-overs, neck rufflings, flutings, quillings, ruchings, tuckings, insertings, galloons, edgings, trimmings, fringes, gimps, ornaments; braids, loom woven and ornamented in the process of weaving, or made by hand, or on any braid machine, knitting machine, or lace machine; and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles; all the foregoing, finished or unfinished (except materials and articles provided for in paragraphs 920, 1006, 1404, 1406, and 1424 of this Act), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213 of this Act, 90 per centum ad valorem; embroideries not specially provided for, and all fabrics and articles embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliquéd, scalloped, or ornamented with beads, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, not including straight hemstitching; all the foregoing, finished or unfinished, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213, 75 per centum ad valorem.

The imported Normandy laces are in various forms, such as "rectangles, ovals, rounds, curtains, cushions, and bedspreads."

On the trial below, the importer introduced in evidence Illustrative Exhibits 1 to 11, inclusive, as illustrative of the involved laces.

It appears from the testimony of one of the importer's witnesses, Marian Powys (whose testimony indicates that she is an expert on laces and embroideries and is eminently qualified to speak authoritatively with regard thereto), that the involved Normandy laces are composed of laces, embroidered net, and embroidered cotton fabric, sewed together in accordance with preconceived designs; that the embroidery on the cotton fabric, which consists of a floral design and "dots," was made by hand; that the embroidered dots are not a part of the floral design; that the embroidery on the net portions of each of the exhibits was made by machine; that neither the embroidered dots on the cotton fabric nor the embroidery on the net portions is necessary to the completion of the imported laces; that such embroidery serves merely to ornament the Normandy laces and, if removed, finished Normandy laces would remain.

The evidence introduced by the Government does not contradict the testimony of the importer's witness.

The Customs Court, in an opinion by Tilson, Judge, reviewed the evidence in the case and the law applicable thereto, and held that neither the embroidered dots on the cotton fabric portions nor the embroidery on the net portions of the exhibits was necessary to give the involved articles the character of Normandy laces, and that if such embroidery was removed, complete and finished laces would remain. The court stated that the issues in the instant case were controlled by the decision in the case of *United States* v. *F. M. Jabara & Bros.*, 22 C. C. P. A. (Customs) 77, T. D. 47065. In that case the merchandise before the court consisted of embroidered lace articles. It there appeared that the embroidery was unnecessary to complete the articles, and that the articles would still be lace articles if the embroidery was removed. The court there held, on the authority of *United States* v. *Marshall Field & Co.*, 18 C. C. P. A. (Customs) 469, T. D. 44761, that the merchandise was dutiable as lace articles, embroidered, at 75 per centum ad valorem under paragraph 1430 of the Tariff Act of 1930, rather than as articles of lace at 90 per centum ad valorem under the same paragraph.

It is contended here by counsel for the Government that the issues in the instant case are controlled by our decision in the case of *United States* v. *Beyda Franco Co.*, 22 C. C. P. A. (Customs) 441, T. D. 47426, in which case, it is argued, merchandise identical with that here involved was before the court.

In the *Beyda Franco Co.* case, certain Normandy laces were involved. The case was submitted on a stipulation by counsel for the parties. We construed the stipulation to mean that three distinct pieces of material, to wit, "pieces of lace not embroidered, pieces of em-

broidered net, and pieces of cotton fabric embroidered," of which the Normandy laces there involved were composed, were essential and integral parts of those laces, and that "if the embroidery stitches were removed from either the pieces of net or the pieces of cotton fabric, or from both, the imported articles would not be finished, but unfinished, laces," and that the embroidery was necessary to make the articles laces. We held, therefore, on the authority of our decision in the case of *United States* v. *Case & Co.*, 20 C. C. P. A. (Customs) 185, T. D. 45979, that as the embroidery was necessary to give the articles the character of laces, the laces were not embroidered within the purview of the provisions of the second part of paragraph 1430 of the Tariff Act of 1922, but, on the contrary, were dutiable as laces under the first part of that paragraph.

In the instant case, it clearly appears from the evidence, as pointed out in the decision of the trial court, that the embroidered dots on the cotton fabric and the embroidery on the net are not necessary to give the articles the character of laces, and that if such embroidery is removed, lace articles will remain.

We are of opinion, therefore, that the issues in the instant case are clearly distinguishable from the issues presented in the *Beyda Franco Co.*, case, *supra*, relied upon here by counsel for the Government.

In view of the record in this case, we are of opinion that the involved articles are embroidered laces and dutiable as such at 75 per centum ad valorem under the provisions of the latter part of paragraph 1430 of the Tariff Act of 1922, as held by the trial court. *United States* v. *H. A. Caesar & Co.*, 18 C. C. P. A. (Customs) 106, T. D. 44067; *United States* v. *Marshall Field & Co.*, *supra; United States* v. *Case & Co.*, *supra; United States* v. *F. M. Jabara & Bros.*, *supra*.

For the reasons stated, the judgment is *affirmed*.